APPEAL OF IRON CITY IMPROVEMENT CO.

Docket No. 2138. Decided July 21, 1926.

Exhaustion, wear, tear, and obsolescence: Rate of 5 per cent *held* to be proper under the circumstances.

*Maynard Teall, Esq.*, for the petitioner.
*Blount Ralls, Esq.*, for the Commissioner.

Before SMITH, LITTLETON, and GREEN.

The taxpayer appeals from determinations of deficiencies for the years 1918 to 1921, inclusive, totaling $16,384.84. It contends that the deduction for exhaustion, wear, tear, and obsolescence of its building should have been computed at the rate of 5 per cent, and the Commissioner contends that the correct rate is 2 per cent. The parties are in accord on the value of the building.

FINDINGS OF FACT.

The Iron City Improvement Co. is a Pennsylvania corporation with its principal place of business at Pittsburgh. So far as the record discloses, its only business is that of owning a building, situated in the City of Pittsburgh and known as the Fort Pitt Hotel. This building is leased to the Pittsburgh Hotels Co., which company operates a hotel therein and also operates the William Penn Hotel located in the same city.

One section of the taxpayer's building (six stories in height) was erected in 1906 and the other section (seven stories in height) was erected in 1907. The plan and construction of the building is that common to hotel buildings erected at the same time. The rooms, of which there are approximately 700, are larger than the average rooms of the modern hotel, and 268 of them have no bath facilities or running water therein. The halls are dark and narrow and the light courts are narrow and inadequate. The lobby is of insufficient size and poorly designed, and the elevator arrangement is poor and insufficient. The hotel is located within four blocks of the Pennsylvania Railroad Station. At the time it was erected, there were in the neighborhood high class retail stores and the district was generally classed as a retail district. Within the last few years, however, retail and financial businesses have been gradually moving away from this section of the city, which is now occupied almost entirely by steel mills, freight yards, wholesale houses, and warehouses. The railroad freight station is on one side of the building, steel mills and wholesale furniture houses on another, more furni-

ture houses on another. In the rear are the tracks of the Pennsylvania Railroad, and on Penn Avenue there are a few small shops occupied and operated by foreigners, some of whom are Chinese. There are a considerable number of Chinese living in the immediate vicinity. This section of the city, because of its proximity to these mills and railroads, is dirtier than the retail section and the section where the William Penn Hotel is located.

The business of the hotel has been gradually falling off for a number of years, due primarily to the erection and successful operation of the William Penn Hotel and to the change in the location of the retail and financial business. There are on foot several projects to erect another modern hotel in the city, and it seems certain that such a hotel will be erected within ten years. The erection of such a hotel would materially reduce the patronage of the Fort Pitt Hotel and the profit to be derived therefrom.

The building is deteriorating very rapidly, particularly the steam and plumbing pipes. The taxpayer has completed plans for remodeling a portion of the ground floor so as to make it suitable for retail stores, but has been unable to secure tenants for the rooms when remodeled. The building is not suitable, either in design or location, for use as an office building, and the construction is not sufficiently strong to warrant its use as a warehouse. The building has a useful life of not to exceed 20 years from January 1, 1918.

### OPINION.

GREEN: The taxpayer bases its claim for exhaustion, wear, tear, and obsolescence rate of 5 per cent upon an alleged limited useful life of its building. Several witnesses were produced in its behalf, all of whom testified that in their opinion the useful life of the building was limited to ten years, and that at least by that time it would be economically impractical to operate the building. It is clear that the building is far from modern, that it is poorly located and that the business of the tenants is steadily falling off. It seems to us that the rate of 5 per cent for exhaustion, wear, tear, and obsolescence, as contended for by the taxpayer is, in the light of all the circumstances, reasonable and proper, and we so hold.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*